IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FEDERAL INSURANCE COMPANY, as subrogee of Applebee's International, Inc.,
15 Mountainview Road
Warren, NJ 07059-6711

Plaintiff,

[redacted] 05 135ML

v.

MAYTAG CORPORATION
403 W. 4th Street North
P.O. Box 39
Newton, IA 50208-0039

and

ATWELLS PARTS & SERVICE, INC.
d/b/a RENDINE'S MAYTAG
21 Waterman Avenue
North Providence, RI 02911

**JURY TRIAL DEMANDED**

## COMPLAINT

## PARTIES

1. Plaintiff, Federal Insurance Company, is a corporation duly organized and existing under the laws of the state of Indiana with its principle place of business located at 15 Mountainview Road, Warren, NJ 07059-6711 which, at all times material hereto, was engaged in the business of insurance and was licensed to do insurance in Rhode Island.

2. Defendant, Maytag Corporation, is an Iowa corporation with its principal place of business located at 403 W. 4th Street North, P.O. Box 39, Newton, IA 50208-0039 which, at all times material hereto, was engaged to the business of designing, manufacturing, distributing household appliances, including washer and dryer units, into this judicial district.

1

3. Defendant, Atwells Parts & Service, Inc. d/b/a Rendine's Maytag, is a corporation duly organized under the laws of Rhode Island with its principal place of business located at 21 Waterman Avenue, North Providence, RI 02911.

4. The Court has jurisdiction because the parties are diverse and the amount in controversy exceeds $80,000.00, exclusive of interest and costs.

## GENERAL ALLEGATIONS

5. At all times material hereto, Federal's insured, Applebee's, International, was the owner of a restaurant located at 446 Putman Pike, Smithfield, RI.

6. Prior to June 4, 2001, defendant Maytag had sold and defendant Atwells carried, a washer-dryer combination unit that had been installed at 446 Putman Pike, Smithfield, RI.

7. On June 4, 2001, a fire started in the dryer portion of the washer-dryer combination unit causing damages to the real property of Applebee's International.

8. At the time of the fire, Applebee's International was insured with Federal Insurance Company.

9. Pursuant to the above policy of insurance between Applebee's and Federal Insurance, Federal Insurance has made payments in the amounts of $189,000.00 to Applebee's Restaurant representing the damages sustained as the result of the fire.

10. Pursuant to the above policy of insurance, Federal is subrogated, to the extent of its payments, to Applebee's Restaurant's rights against those parties responsible for the June 4, 2001 fire.

## COUNT I

## NEGLIGENCE

11. Plaintiff hereby incorporates by reference the allegations contained above as though each were recited herein at length.

12. The fire and resulting damages were caused by the negligence, carelessness and recklessness of defendant Maytag, its agents, servants and/or employees acting within the scope of their employment, in the design, manufacturers, sale and/or distribution of the subject dryer and its component parts, which negligence, carelessness and recklessness consisted of the following:

a) supplying a dangerously and defectively designed, manufactured and/or assembled product which it knew, or should have known, subjected Applebee's real and personal property to an unreasonable risk of harm;

b) failing to adequately, properly and safely design, manufacture, assemble, inspect and test the subject dryer;

c) failing to advise and/or warn Applebees about the foresaid defective condition of the subject dryer, which it knew, or should have known, existed;

d) failing to equip the subject dryer with adequately and properly designed components so that it could be used safely for the purposes for which it was intended;

e) failing to provide proper, adequate and sufficient instructions and information concerning the maintenance and use of the subject dryer so as it could be used safely for the purposes for which it was intended;

f) failing to warn customers and users about the unforeseeable risk of fire posed by the normal intended use of the subject dryer;

g) failing to equip the subject dryer with properly functioning controls, components and other regulatory and/or safety device so as to ensure the safe use of the product;

h) otherwise failing to use due care under the circumstances.

**COUNT II**

**PRODUCTS LIABILITY**

13. Plaintiff hereby incorporates by reference the allegations contained above as though each were fully said herein at length.

14. The subject dryer was defective when it left the control of Maytag and the product contained defects in the design, manufacture and/or warnings making it not reasonably safe for reasonably foreseeable users.

15. This subject dryer, when it left the control of Maytag, contained latent and/or patent defects which, separately and/or in combination, were a substantial contributing factor causing the fire and resulting property damage.

16. This subject dryer and its component parts were not reasonably safe in design, manufacture, marketing and lacked appropriate warning; the subject dryer and its component parts had design, manufacture and marketing present an unreasonable risk of harm to the public.

17. By the reason foregoing, Maytag is strictly liable for the fire and resulting damages.

**COUNT III**

**NEGLIGENCE**

18. Plaintiff hereby incorporates by reference the allegations contained above as fully as if the same were recited herein at length.

19. Prior to June 4, 2001 defendant Atwells made repairs to the dryer which altered the condition of the dryer making the dryer pose an unreasonable risk of fire hazard.

20. The negligent and careless repairs made by Atwells, its agents, servants and/or employees acted within the scope of their employment, consisted of the following:

a) failing to properly repair the dryer;

b) repairing the dryer so as to alter the condition of the dryer to make the dryer pose an unreasonable risk of harm;

c) failing to properly test the dryer after completion of its repairs;

d) otherwise acting negligently which will be disclosed through the discovery process.

WHEREFORE, Plaintiff demands judgment against defendant, Maytag and Atwells in an amount in excess of $80,000.00, as well as interest, cost of this action and other relief that the court deems appropriate.

Respectfully Submitted,

FEDERAL INSURANCE COMPANY
as subrogee of Applebee's International, Inc.

By Its Attorneys,

ROBERTS, CARROLL, FELDSTEIN & PEIRCE

By:________________________

MARCO P. URIATI, ESQUIRE
Ten Weybosset Street, 8th Floor
Providence, RI 02903
(401) 521-7000

WILLIAM N. CLARK, JR.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
215-665-4101