UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY,<br>As subrogee of Applebee's International, Inc.<br><br>Plaintiff,<br><br>v.<br><br>MAYTAG CORPORATION and<br>ATWELLS PARTS & SERVICE, INC. d/b/a<br>RENDINE'S MAYTAG<br><br>Defendants. | ) | CIVIL ACTION NO. 05-135 ML |

**MAYTAG CORPORATION'S ANSWER AND JURY DEMAND**

The defendant, Maytag Corporation ("Maytag"), responds as follows to the plaintiff's Complaint:

**PARTIES**

1. Maytag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Maytag admits that it has a principal place of business at 403 W. 4th Street North, Newton, Iowa 50208-0039. Maytag denies that it is an Iowa corporation and denies that it designs, manufactures, and distributes household appliances, including washer and dryer units, in the State of Rhode Island.

3-4. Maytag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3 and 4 of the Complaint.

**GENERAL ALLEGATIONS**

5-10. Maytag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5-10 of the Complaint.

9

**COUNT I – NEGLIGENCE**

11. Maytag alleges that paragraph 11 of the Complaint is one in which no response is required. Maytag incorporates by reference its responses to the allegations contained in paragraphs 1 through 10 above.

12. a)-h). Maytag denies the allegations contained in paragraph 12 (a)-(h) of the Complaint.

**COUNT II – PRODUCT LIABILITY**

13. Maytag alleges that paragraph 13 of the Complaint is one in which no response is required. Maytag incorporates by reference its responses to the allegations contained in paragraphs 1 through 12 above.

14-17. Maytag denies the allegations contained in paragraphs 14 through 17 of the Complaint.

**COUNT III – NEGLIGENCE**

18. Maytag alleges that paragraph 18 of the Complaint is one in which no response is required. Maytag incorporates by reference its responses to the allegations contained in paragraphs 1 through 17 above.

19-20. a)-d). The allegations of Count III are directed toward the co-defendant Atwells Parts & Service, Inc. and therefore no response by Maytag is required. At this time, Maytag is without knowledge or information sufficient to form a belief as to the truth of paragraphs 19 through 20 (a)–(d). To the extent paragraphs 19 through 20 (a)–(d) alleges liability, wrongdoing or damage attributable to Maytag, they are denied.

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff is barred from any recovery because of the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiff is barred from any recovery, in whole or in part, on any theory of negligence because of their own negligent conduct or the negligent conduct of their insured.

**THIRD AFFIRMATIVE DEFENSE**

The plaintiff is barred from any recovery under the doctrine of spoliation.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from any recovery, in whole or in part, because they failed to mitigate their damages

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from any recovery because the conduct of the plaintiff, considered alone or in conjunction with that of non-parties, was the sole proximate cause of the alleged injuries and damages.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from any recovery because their alleged injuries and damages were caused by the acts and/or omissions of third persons over whom Maytag exercised no control and for those whose conduct Maytag bears no responsibility.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from any recovering because they failed to give timely notice to Maytag, which failure caused Maytag substantial prejudice.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from any recovery because their alleged injuries and damages were caused by their own misuse of the product.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from any recovery because they assumed the risk when using the product.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiff is barred by the Rhode Island statute of repose, RI St. § 6A-2-725(5), because the fire occurred more than ten (10) years after the sale of the product.

**ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiff is barred by from any recovery for failure to heed the warnings provided.

**JURY DEMAND**

Maytag demands a jury trial on all issues so triable.

MAYTAG CORPORATION

By its Attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, PROFESSIONAL CORPORATION

Holly M. Polglase, Bar No. 5692
123 Dyer Street
Providence, RI 02903
Tel: (401) 421-5123

CERTIFICATE OF SERVICE

I, Holly M. Polglase, attorney for the defendant Maytag Corporation hereby certify that on May 24, 2005, I forwarded the within document via First Class Mail to:

Marco P. Uriati
Roberts, Carroll, Feldstein & Peirce, Inc.
Ten Weybosset Street, 8th Floor
Providence, RI 02903

William N. Clark, Jr.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Mark P. Dolan
Rice Dolan & Kershaw
170 Westminster Street, Suite 900
Providence, RI 02903

Holly M. Polglase